UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:10-cv-4842 |
| | ) | |
| TOM DART, et al., | ) | Honorable Joan H. Lefkow |
| | ) | |
| Defendants. | ) | |

## ~~JOINT~~ PROPOSED SCHEDULING ORDER

The parties, having held a scheduling conference attended by John W. Whittlesey for the Plaintiff and Mary E. McClellan for the Defendants, as required by Fed. R. Civ. P. 26(f), submit the following Joint Proposed Scheduling Order:

(A) The parties believe that an early settlement conference will not likely result in the disposition of the case.

(B) The parties have until April 20, 2011 to make Rule 26(a)(1) disclosures.

(C) Amendments to the pleadings and/or joinder of additional parties are anticipated and may be sought upon appropriate motion by June 30, 2011. Amendments thereafter may be made only on motion for good cause shown.

(D) Non-expert discovery will close on October 28, 2011.

(E) The cut-off date for designation of plaintiff's trial expert(s) as provided in Fed. R. Civ. P. 26(a)(2) is November 25, 2011; for the defendant's trial expert(s), January 30, 2012. Depositions of the experts shall be taken within 30 days of designation. Unless otherwise stipulated, disclosure of experts will include a report fully in compliance with Rule 26(a)(2)(B).

(F) Any motion challenging the qualifications of a designated expert must be made within 21 calendar days after the deposition of the expert or the close of discovery, whichever is earlier. If no motion is filed, the court may deem such challenges waived.

(G) The parties have until April 15, 2012 to file dispositive motions. Before a dispositive motion is filed, the parties will exchange demand and offer letters in an effort to reach resolution of the case. A status hearing will be set on a date determined by the court, approximately two weeks before the close of discovery. At this time, the parties will report on any outstanding discovery issues, as well on the possibility of settlement and whether a settlement conference with a judge may be helpful. The parties should expect to be referred to a magistrate judge for settlement discussions before filing a motion for summary judgment.

Also at this status hearing, the court will set a schedule for disposition of the case, including trial dates.

(H) The parties do not consent to have their case proceed before a magistrate judge.

ENTER:

DATE: 4-22-2011

JOAN HUMPHREY LEFKOW
U.S. District Judge