**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAMUEL R. MILLER,<br><br>Plaintiff,<br><br>v.<br><br>SUPERINTENDENT MILLER, *in his individual capacity*, CAPTAIN DARCY, *in his individual capacity*; SERGEANT COLLINS, *in his individual capacity*; CORRECTIONAL OFFICER SEGURA, *in his individual capacity*; CORRECTIONAL OFFICER JOHN DOE #1, *in his individual capacity*, CORRECTIONAL OFFICER JOHN DOE #2, *in his individual capacity*, CERMAK HEALTH SERVICES OF COOK COUNTY, MOHAMMED MANSOUR, *in his individual capacity*, MANISHA PATEL, *in her individual capacity*, BARBARA A. DAVIS, *in her individual capacity*, KYUNG YOO, in his individual capacity, CHIDINMA ONYEACHONAM, *in her individual capacity*, CYNTHIA M. SCAIFE, *in her individual capacity*,<br><br>Defendants. | ) | Case No. 1:10-cv-4842<br><br>Honorable Joan H. Lefkow<br><br>JURY TRIAL DEMANDED |

## <u>SECOND AMENDED COMPLAINT</u>

Plaintiff Samuel Miller, by and through his attorneys, hereby submits his Second Amended Complaint and alleges as follows:

## I. <u>PARTIES</u>

1. Plaintiff SAMUEL R. MILLER ("Mr. Miller") was previously an inmate at the Cook County Jail, which is located in Chicago, Illinois and operated by the Cook County Department of Corrections ("CCDOC"). While Mr. Miller was an inmate at the Cook County Jail, he was assigned inmate number 2010-0129065.

Mr. Miller is currently an inmate at Robinson Correctional Center in Robinson, Illinois.

2. Defendant SUPERINTENDENT MILLER is (or was) employed by the CCDOC; at all relevant times he served as Superintendent at the Cook County Jail.

3. Defendant CAPTAIN DARCY is (or was) employed by the CCDOC; at all relevant times he served as Captain at the Cook County Jail.

4. Defendant SERGEANT COLLINS is (or was) employed by the CCDOC; at all relevant times he served as Sergeant at the Cook County Jail.

5. Defendant CORRECTIONAL OFFICER SEGURA is (or was) employed by the CCDOC; at all relevant times he served as a Correctional Officer at the Cook County Jail.

6. Defendant CORRECTIONAL OFFICER JOHN DOE #1 is (or was) employed by the CCDOC; at all relevant times he served as a Correctional Officer at the Cook County Jail. On the date of Mr. Miller's injury—Tuesday, June 22, 2010—Correctional Officer John Doe #1 worked as the third-shift watch officer (i.e., the 11:00 p.m. to 7:00 a.m. shift) in Division 1, F1 at the Cook County Jail.

7. Defendant CORRECTIONAL OFFICER JOHN DOE #2 is (or was) employed by the CCDOC; at all relevant times he served as a Correctional Officer at the Cook County Jail, or in some similar position. On or about Monday, June 28, 2010, Correctional Officer John Doe #2 conducted a videotaped interview of Mr. Miller regarding his injured wrist and requests for medical treatment.

8. Defendant CERMAK HEALTH SERVICES OF COOK COUNTY

("Cermak") is the healthcare provider for the detainees housed at the CCDOC.

9. Defendant MOHAMMED MANSOUR is (or was) employed by Cermak; at all relevant times he served as a medical professional at Cermak.

10. Defendant MANISHA PATEL is (or was) employed by Cermak; at all relevant times she served as a medical professional at Cermak.

11. Defendant BARBARA A. DAVIS is (or was) employed by Cermak; at all relevant times she served as a medical professional at Cermak.

12. Defendant KYUNG YOO is (or was) employed by Cermak; at all relevant times he served as a medical professional at Cermak.

13. Defendant CHIDINMA ONYEACHONAM is (or was) employed by Cermak; at all relevant times she served as a medical professional at Cermak.

14. Defendant CYNTHIA M. SCAIFE is (or was) employed by Cermak; at all relevant times she served as a medical professional at Cermak.

## II. <u>JURISDICTION AND VENUE</u>

15. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 as Mr. Miller's claims arise under 42 U.S.C. § 1983.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims asserted herein occurred in this District and at least one of the defendants resides in this district.

## III. <u>ALLEGATIONS APPLICABLE TO ALL COUNTS</u>

### A. ***<u>On or About Tuesday, June 22, 2010—the Date of Mr. Miller's Injury</u>***

17. On or about Tuesday, June 22, 2010, at approximately 7:45 p.m., Mr.

Miller—who at that time was an inmate being kept in Division 1, F1, at the Cook County Jail—slipped coming out of the shower area and injured his wrist.

18. Mr. Miller informed Correctional Officer Segura, the second-shift watch officer, of Mr. Miller's injured wrist, complained of intense pain and swelling, and requested medical treatment.

19. Correctional Officer Segura told Mr. Miller that Correctional Officer Segura would inform Sergeant Collins of Mr. Miller's injury and request for medical treatment.

20. Sergeant Collins unilaterally determined—without even examining Mr. Miller's injured wrist or speaking to Mr. Miller at all about his injury—that Mr. Miller's injury was not a medical emergency.

21. Correctional Officer Segura subsequently informed Mr. Miller that Sergeant Collins had determined that Mr. Miller's injured wrist was not a medical emergency.

22. Correctional Officer Segura provided Mr. Miller with a healthcare request form; Mr. Miller submitted the completed form to Correctional Officer Segura.

23. At approximately 11:00 p.m. that same night, Correctional Officer John Doe #1, the third-shift watch officer, replaced Correctional Officer Segura.

24. Mr. Miller informed Correctional Officer John Doe #1 of his injured wrist, complained of intense pain and swelling, and requested medical treatment.

25. Correctional Officer John Doe #1 informed Mr. Miller that—because

Sergeant Collins had determined that this was not a medical emergency—there was nothing Correctional Officer John Doe #1 could do for Mr. Miller.

26. Mr. Miller spent the night alone in his cell without receiving any medical treatment for his injured wrist. Due to the intense pain and swelling of his injured wrist, Mr. Miller could not sleep.

**B. *On or About Wednesday, June 23, 2010***

27. At approximately 7:00 a.m. the next day—on or about Wednesday, June 23, 2010—the first-shift watch officer, Correctional Officer Rule, replaced Correctional Officer John Doe #1.

28. Mr. Miller informed Correctional Officer Rule of his injury and requested medical treatment.

29. Correctional Officer Rule sent Mr. Miller to the Division 1 Dispensary, where a nurse examined Mr. Miller sometime between 7:00 a.m. and 8:00 a.m. The Dispensary nurse then sent Mr. Miller to Cermak, where he arrived sometime before 9:00 a.m.

30. At Cermak, Defendant Mohammed Mansour examined Mr. Miller's wrist and ordered that x-rays be taken of Mr. Miller's injured wrist. The radiologist that took and/or examined the x-rays of Mr. Miller's injured wrist was Defendant Kyung Yoo.

31. Defendant Mohammed Mansour then sent Mr. Miller to the emergency room at John H. Stroger Jr., Hospital of Cook County ("Stroger Hospital").

32. Mr. Miller arrived at Stroger Hospital sometime between

approximately 10:00 a.m. and 11:00 a.m. accompanied by two guards. Mr. Miller waited in the emergency room for about 4 hours. A nurse eventually took x-rays and administered a CAT scan.

33. The x-rays and CAT scan revealed that Mr. Miller had fractured his wrist.

34. Mr. Miller was told by hospital personnel that his injury would require surgery to repair by placing pins in the bones. Mr. Miller's wrist was wrapped with an Ace bandage and his arm was placed in a sling. Mr. Miller was told to come back on or about Friday, June 25, 2010, to see the doctor and have surgery.

35. Mr. Miller then returned to Cermak with the two guards. At Cermak, Mr. Miller was prescribed a two-week supply of Tylenol 3.

36. After leaving Cermak, Mr. Miller did not return to his cell in Division 1, F1; rather, Mr. Miller was taken to a cell in Division 1, C2, which apparently at that time was a very rough place filled with many gang members.

**C. *On or About Friday, June 25, 2010***

37. On or about Friday, June 25, 2010, at approximately 7:00 a.m., Mr. Miller was taken to Cermak sometime between 7:00 a.m. and 8:00 a.m., and then to Stroger Hospital sometime between 10:00 a.m. and 11:00 a.m.

38. When Mr. Miller arrived at Stroger Hospital, one of the guards who had escorted Mr. Miller to the hospital informed Mr. Miller that the clinic was closed and that Mr. Miller would be rescheduled for an appointment at the clinic.

39. Mr. Miller was then taken back to his new cell in Division 1, C2.

**D.** ***On or About Monday, June 28, 2010***

40. On or about the morning of Monday, June 28, 2010, the first-shift watch officer for Division 1, C2 told Mr. Miller that "they need to see you downstairs."

41. When Mr. Miller arrived downstairs, Superintendent Miller was waiting for him.

42. Superintendent Miller asked Mr. Miller about his injured wrist and requests for medical treatment.

43. Mr. Miller responded to Superintendent Miller's questions and explained the events surrounding his injury and subsequent requests for medical treatment.

44. Superintendent Miller then proceeded to inform Captain Darcy about what had happened to Mr. Miller. Captain Darcy indicated to Superintendent Miller that Captain Darcy had heard about Mr. Miller's injury and requests for medical treatment.

45. Prison guards then took Mr. Miller a few doors down, where Correctional Officer John Doe # 2 videotaped a five-minute interview of Mr. Miller about his injury and requests for medical treatment.

46. After the interview, Mr. Miller told Superintendent Miller that Mr. Miller wanted to go to the medical wing. Superintendent Miller sent Mr. Miller to the medical wing, Division 10.

**E. *On or About Thursday, July 8, 2010***

47. On or About July 8, 2010, Mr. Miller was scheduled to appear in Court for proceedings unrelated to this law suit. Mr. Miller's attendance in Court was mandatory.

48. Despite the fact that Mr. Miller was required to appear in Court on or about this date, unknown CCDOC officials scheduled an appointment on that same day for Mr. Miller to see a doctor at Stroger Hospital.

49. As a result of the scheduling conflict, Mr. Miller was forced to miss his appointment at Stroger Hospital so that he could attend the mandatory court proceedings.

**F. *On or About Monday, July 26, 2010***

50. On or about Monday, July 26, 2010, Mr. Miller was taken to Cermak around 7:00 a.m., and then to Stroger Hospital around 11:00 a.m.

51. Hospital personnel told the prison guards who were accompanying Mr. Miller that Mr. Miller was in the wrong clinic, and that they would have to reschedule again.

52. The guards brought Mr. Miller back to Cermak, and then back to the medical wing, Division 10.

**G. *On or About Tuesday, August 3, 2010***

53. On or about August 3, 2010, Defendant Manisha Patel examined Mr. Miller's injured wrist and prescribed Ibuprofen.

**H. *On or About Friday, August 6, 2010***

54. On Friday August 6, 2010, two guards escorted Mr. Miller back to Stroger Hospital, where Mr. Miller saw a doctor.

55. The doctor removed Mr. Miller's bandages—which by that time smelled very bad as they had not been replaced for nearly 6 weeks—and examined Mr. Miller's wrist.

56. The doctor concluded that Mr. Miller's wrist had healed "unaligned," and informed Mr. Miller that there was nothing the doctor could do to repair Mr. Miller's wrist to its pre-injury condition.

57. The doctor then wrapped up Mr. Miller's wrist with an Ace bandage.

58. The guards escorted Mr. Miller back to the medical wing, Division 10, where he remained until late October.

**I. *On or About Friday, August 20, 2010***

59. On or about August 20, 2010, Defendant Manisha Patel examined Mr. Miller's wrist and ordered that x-rays be taken of Mr. Miller's injured wrist. The radiologist that took and/or examined the x-rays of Mr. Miller's injured wrist was Defendant Kyung Yoo.

**J. *On or About Monday, October 18, 2010***

60. On or about October 18, 2010, Defendant Cynthia M. Saife processed a Health Service Request form that Mr. Miller had submitted regarding his injured wrist. In the Health Service Request Form, Mr. miller stated (1) that he had broken his wrist on June 22, 2010, (2) that his wrist had been allowed to heal "unaligned,"

(3) that he had never received any medical attention for his wrist, (4) that he couldn't move his wrist up or down, (5) that he couldn't apply any pressure to his wrist, (6) that he couldn't pick anything up with his left hand, (7) that his wrist "constantly hurt especially at night," and (8) that the pain emanating from his wrist was interfering with his ability to sleep.

**K. *Around Late October 2010***

61. Around late October, Mr. Miller was moved from the medical wing, Division 10, to Division 1, H2.

**L. *On or About Wednesday, November 10, 2010***

62. On or about November 10, 2010, Defendant Chidinma Onyeachonam processed a Health Service Request form that Mr. Miller had submitted regarding his injured wrist. In the Health Service Request Form, Mr. Miller stated that he had broken his wrist, that his wrist had healed "unaligned," and that he was in "constant pain."

**M. *On or About Tuesday, November 23, 2010***

63. On or about November 23, 2010, Defendant Salvador Martinez examined Mr. Miller's injured wrist and prescribed Naproxen.

**N. *On or About Wednesday, November 24, 2010***

64. On or about November 24, 2010, Defendant Barbara A. Davis examined Mr. Miller's injured wrist.

**O. *On or About Monday, November 29, 2010***

65. On or about November 29, 2010, Defendant Barbara A. Davis

examined Mr. Miller's wrist and ordered that x-rays be taken of Mr. Miller's injured wrist. The radiologist that took and/or examined the x-rays of Mr. Miller's injured wrist was Defendant Kyung Yoo.

### P. ***<u>On or About Friday, February 25, 2011</u>***

66. On or about Friday, February 25, 2011, Mr. Miller was transferred from Cook County Jail to Stateville Correctional Center, where he remained for 12 days.

### Q. ***<u>On or About Wednesday, March 9, 2011</u>***

67. On or about Wednesday, March 9, 2011, Mr. Miller was transferred to Robinson Correctional Center.

## <u>COUNT I</u>
## *Violation of 42 U.S.C. § 1983*
## *and the Eighth Amendment to the U.S. Constitution*

68. Mr. Miller incorporates by reference the allegations in paragraphs 1 through 67 as if fully set forth herein.

69. Mr. Miller brings this claim under 42 U.S.C. § 1983 against Defendants (1) Sergeant Collins, (2) Correctional Officer Segura, and (3) Correctional Officer John Doe #1.

70. Mr. Miller's broken wrist constituted a serious medical need.

71. On the night Mr. Miller injured his wrist, Mr. Miller requested medical treatment from Correctional Officer Segura—who in turn relayed Mr. Miller's request to Sergeant Collins—and Correctional Officer John Doe #1.

72. Defendants Sergeant Collins, Correctional Officer Segura, and

Correctional Officer John Doe #1 were aware that Mr. Miller's injured wrist was causing him great pain and swelling, yet they refused to provide Mr. Miller with medical treatment.

73. Defendants Sergeant Collins, Correctional Officer Segura, and Correctional Officer John Doe #1 acted with deliberate indifference by ignoring Mr. Miller's physical condition and refusing to provide him with medical treatment.

74. Mr. Miller has exhausted all possible administrative remedies.

WHEREFORE, Mr. Miller requests that this Court enter judgment against Defendants Sergeant Collins, Correctional Officer Segura, and Correctional Officer John Doe #1 and award:

A. Compensatory damages in an amount to be proved at trial;

B. Punitive damages;

C. Attorneys' fees, costs, and expenses; and

D. Such other relief as this Court may deem just and proper.

## <u>COUNT II</u>
## ***Violation of 42 U.S.C. § 1983 and the Eighth Amendment to the U.S. Constitution***

75. Mr. Miller incorporates by reference the allegations in paragraphs 1 through 67 as if fully set forth herein.

76. Mr. Miller brings this claim under 42 U.S.C. § 1983 against Defendants (1) Superintendent Miller, (2) Captain Darcy, and (3) Correctional Officer John Doe #2.

77. Mr. Miller's broken wrist constituted a serious medical need.

78. Defendants Superintendent Miller, Captain Darcy, and Correctional Officer John Doe #2 were aware that Mr. Miller's broken wrist was causing him to suffer severe pain and swelling, and that Mr. Miller had repeatedly requested medical treatment, yet they failed to provide Mr. Miller with medical treatment.

79. Defendants Superintendent Miller, Captain Darcy, and Correctional Officer John Doe #2 acted with deliberate indifference by ignoring Mr. Miller's serious medical needs, and failing to provide Mr. Miller with adequate medical treatment.

80. Mr. Miller has exhausted all possible administrative remedies.

WHEREFORE, Mr. Miller requests that this Court enter judgment against Defendants Superintendent Miller, Captain Darcy, and Correctional Officer John Doe 2, and award:

A. Compensatory damages in an amount to be proved at trial;

B. Punitive damages;

C. Attorneys' fees, costs, and expenses; and

D. Such other relief as this Court may deem just and proper.

## **COUNT III**
### ***Violation of 42 U.S.C. § 1983 and the Eighth Amendment to the U.S. Constitution***

81. Mr. Miller incorporates by reference the allegations in paragraphs 1 through 67 as if fully set forth herein.

82. Mr. Miller brings this claim under 42 U.S.C. § 1983 against Defendants (1) Cermak, (2) Mohammed Mansour, (3) Manisha Patel, (4) Barbara A.

Davis, (5) Kyung Yoo, (6) Chidinma Onyeachonam, and (7) Cynthia M. Scaife.

83. Mr. Miller's broken wrist constituted a serious medical need.

84. Defendants Cermak, Mohammed Mansour, Manisha Patel, Barbara A. Davis, Kyung Yoo, Chidinma Onyeachonam, and Cynthia M. Scaife were aware that Mr. Miller's broken wrist was causing him to suffer severe pain and swelling, yet they consciously disregarded the need to provide Mr. Miller with adequate medical treatment.

85. Defendants Cermak, Mohammed Mansour, Manisha Patel, Barbara A. Davis, Kyung Yoo, Chidinma Onyeachonam, and Cynthia M. Scaife acted with deliberate indifference by consciously disregarding the need to provide Mr. Miller with adequate medical treatment.

86. Mr. Miller has exhausted all possible administrative remedies.

WHEREFORE, Mr. Miller requests that this Court enter judgment against Defendants Cermak, Mohammed Mansour, Manisha Patel, Barbara A. Davis, Kyung Yoo, Chidinma Onyeachonam, and Cynthia M. Scaife, and award:

A. Compensatory damages in an amount to be proved at trial;

B. Punitive damages;

C. Attorneys' fees, costs, and expenses; and

D. Such other relief as this Court may deem just and proper.

## JURY DEMAND

Mr. Miller demands a trial by jury on all causes of action set forth herein.

**Dated: October 28, 2011**

**SAMUEL MILLER**

By: *s/ John W. Whittlesey*
One of His Attorneys

Andrew R. Gifford (ARDC No. 06244504)
John W. Whittlesey (ARDC No. 06297943)
DLA Piper LLP (US)
203 North LaSalle Street, Ste. 1900
Chicago, IL 60601
Phone: (312) 368-4000
Fax: (312) 236-7516